[Civ. No. 3963. First Appellate District, Division Two.—September 7, 1921.]

## CHARLES E. MEISTER, etc., Appellant, v. JOE LAWRENCE, Respondent.

[1] EJECTMENT — FRAUD — FINDINGS — EVIDENCE. — In this action in ejectment involving the ownership of an undivided one-half interest in certain real property wherein defendant by cross-complaint attacked plaintiff's title as having been founded on fraud, the evidence amply sustains every material portion of the findings upon which judgment was rendered quieting defendant's title to the entire interest in the property.

APPEAL from a judgment of the Superior Court of Contra Costa County. R. H. Latimer, Judge. Affirmed.

The facts are stated in the opinion of the court.

Meredith, Landis & Chester for Appellant.

Aram & Carragher and Clifford A. Russell for Respondent.

NOURSE, J.—Plaintiff commenced this action in ejectment involving the ownership of an undivided one-half interest in certain property situated in Contra Costa County. Defendant answered and filed a cross-complaint attacking plaintiff's title as having been founded on fraud. Judgment went for defendant on this cross-complaint, quieting his title to the entire interest in the property, and from this judgment plaintiff appeals.

The facts of the case material to the opinion are that prior to the eighth day of February, 1918, defendant employed one Curtis as his agent to negotiate the purchase for him of the property in suit from one Kirk. The agent arranged with the owner for the purchase of the property for the full price of $43,768.40, of which amount the sum of $5,000 was to be paid down and the balance was to be secured by a deed of trust upon the property. He then, in conjunction with one Goggins, fraudulently represented to defendant that the full purchase price of the property was $52,800, of which amount $13,000 must be paid down. Through the connivance of Curtis and Goggins the defendant was then induced to agree to permit Goggins to join in the purchase of the property upon the fraudulent terms which were thus presented to him, and for this purpose defendant, on February 8, 1918, entered into a written agreement with Goggins reciting that, whereas each of them had deposited the sum of $6,500 on account of the purchase price of $52,800 for the property and that the deed therefor was to be delivered in defendant's name and Goggins had agreed to sign and execute a joint note and deed of trust for the balance of the purchase price of the property, he (Goggins) was declared to be the owner of an undivided one-half interest in the property. When defendant discovered that the purchase price of the property was but $43,768.40, that but $5,000 was paid to the owner, that Goggins paid in nothing, and that he and Curtis retained $1,500 of the $6,500 which defendant had paid as his half of the first payment, he immediately complained of the fraud, procured a warrant for the arrest of Goggins, and employed counsel to adjust the difficulties and protect his rights. About this time Curtis died and Goggins transferred his interest, evidenced by the paper of February 8, 1918, to one Wright. Plaintiff, who was a creditor of a partnership composed of Goggins, Curtis, and one other, on the fourteenth day of October, 1918, took a deed from Wright, conveying all the right, title, and interest in this property which he had received through the transfer from Goggins. No consideration was paid by plaintiff for this conveyance, but either a partial or complete adjustment of plaintiff's claim against the Goggins partnership was made through the transaction. It is upon this chain of title that

plaintiff relies as evidence of his ownership of the property in suit.

The court found that Curtis and Goggins, who were business associates, made the false representations to the defendant hereinbefore recited, and that these acts were a fraud upon defendant; that on the sixteenth day of August, 1918, plaintiff for the first time discovered the fraud; that he immediately sought both Curtis and Goggins, but he was unable to see Curtis because he was at that time sick in the hospital and died on the eighteenth day of August; that after diligent search he located Goggins and confronted him with the information which he had, but that he ran from him and has not since been found; that in the early part of September, 1918, plaintiff sought out defendant and inquired of him as to the interest of said Goggins in said property; that defendant thereupon informed plaintiff that Goggins had no interest therein and explained to him all the details of the fraud which had been practiced upon him; that thereafter and on the 24th of September, 1918, Goggins purported to assign all his interest in the property to one C. H. Wright, but that said transfer was without consideration and that on the 14th of October, 1918, said Wright purported to transfer his interest in the property to plaintiff, but that said transfer was also without consideration. Finally, the court found that when plaintiff took the transfer from Wright he was fully informed of all the fraudulent acts which have been detailed and that neither plaintiff nor Wright were *bona fide* purchasers of said property.

[1] The evidence amply sustains every material portion of the findings of the trial court. As to the good faith of plaintiff, it is made plain by the testimony of numerous witnesses that before he took the transfer from Wright he was fully informed regarding the fraud, that he was told that a warrant had been issued upon a complaint charging Goggins with embezzlement in the transaction, and that Goggins had no enforceable claim against defendant or any interest in the property. It also appeared that Wright was merely a tool in the hands of Goggins, used for the purpose of covering his fraud. From all the circumstances surrounding these latter transfers, the inference could fairly be drawn that no consideration passed to

Wright. The circumstances were sufficient to put any reasonable person on notice. There is no error in the record.
Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 3, 1921.

All the Justices concurred, except Shaw, J., who was absent.